UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAHLEEL MCINTOSH and AKEEM CORBIN, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiffs, | No.: _____ |
| v. | COMPLAINT |
| JABCO CONTRACTING INC., and JOHN DOE, Individually, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1. Defendants Jabco Contracting Inc. ("Jabco") and John Doe ("Doe") employed Plaintiffs Jahleel McIntosh and Akeem Corbin.

2. Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

3. Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by: (i) failing to pay overtime premium pay; (ii) failing to pay manual laborers on a weekly basis under Labor Law § 191.1; (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1; and (iv) failing to provide accurate wage statements under Labor Law § 195.3.

4. Plaintiffs each allege individual claims against Defendants of national origin discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiffs were, at all relevant times, adult individuals residing in Kings County, New York.

9. Defendant Jabco is a domestic corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York and has its principal place of business located at 896 Manhattan Avenue, Suite 37, Brooklyn, New York 11222.

10. Upon information and belief, Defendant Doe was, at all relevant times, an adult individual residing in Kings County, New York, and a supervisor working for Defendant Jabco.

## STATEMENT OF FACTS

### Background[1]

11.     Defendant Jabco is a commercial contracting company, which advertises its services in asbestos abatement, lead-based paint removal, mold remediation, demolition, building decontamination, and emergency materials cleanup.

12.     Defendant Doe serves as Defendant Jabco's supervisor, and as such, controlled the terms and conditions of Defendant Jabco's employees, including Plaintiffs.

### Plaintiff Jahleel McIntosh

13.     Defendants employed Plaintiff McIntosh as an environmental specialist from January 2022 to January 2023.

14.     In this position, Plaintiff McIntosh's primary duties included removing hazardous waste and cleanup such as the removal of lead paint.

15.     Plaintiff McIntosh worked the following regular schedule for Defendants: Monday to Friday from 7:00 a.m. until 4:00 p.m., or later, oftentimes without any meal break, totaling at least 45 hours per week.

16.     Plaintiff McIntosh spent more than 25% of his working hours performing physical labor.

### Plaintiff Akeem Corbin

17.     Defendants employed Plaintiff Corbin as an environmental specialist during the month of January 2023.

18.     In this position, Plaintiff Corbin's primary duties included removing hazardous waste and cleanup such as the removal of lead paint.

---

[1] Headers are for organizational purposes only.

19. Plaintiff Corbin worked the following schedule for Defendants: Monday to Friday from 8:00 a.m. to 4:00 p.m., or later, oftentimes without any meal break, always totaling at least 40 hours.

20. Plaintiff Corbin spent more than 25% of his working hours performing physical labor.

Defendants' Compensation Policies

21. Defendants paid Plaintiffs $30 per hour for hours worked up to 40 in a week, with no compensation paid for hours they worked over 40 in a week.

22. Defendants paid Plaintiffs with a combination of personal checks and cash.

23. Defendants paid Plaintiffs every two weeks.

24. Defendants failed to pay Plaintiffs overtime compensation.

25. In paying Plaintiffs every 14 days, Defendants did not pay Plaintiffs for the first week they worked within each pay period within seven days.

26. Defendants have not been authorized by the New York Department of Labor permitting to pay their manual workers less frequently than weekly pursuant to Labor Law § 191.1.

27. Plaintiffs know, from speaking with them, that other non-exempt employees, like them, were paid every 14 days instead of every week.

28. Plaintiffs are employed in manual labor positions that are financially sensitive, depending upon each paycheck.

29. By delaying payment to Plaintiffs, they were underpaid for the work they performed; they were deprived of money that they are owed and need; the value of the

money, when eventually paid, is less than it would have been if they were timely paid; and they were not able to purchase everything they would have purchased if timely paid.

30. Defendants knowingly violated the Labor Law and FLSA with their compensation policies with the intent of reducing their labor costs.

Recordkeeping Violations and Number of Employees

31. Defendants failed to provide Plaintiffs and other similarly situated employees with the Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1 when they were hired or at any point in their employment.

32. Defendants did not provide Plaintiffs or the other similarly situated employees with any wage statement under Labor Law § 195.3 with any wage payment.

33. With Defendants failing to provide Plaintiffs and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday and wage statements with every wage payments, they willfully denied Plaintiffs the information needed to determine whether they were being lawfully paid, including whether they were being paid overtime premium pay.

34. Had Defendants provided Plaintiffs and other similarly situated employees with the Notice and Acknowledgement of Payrate and Payday and wage statements with every wage payments, they would have had enough information to determine that throughout their employment they were not being paid overtime premiums as required by the Labor Law.

Defendant's Discriminatory Termination of Plaintiffs' Employment

35. Plaintiffs are African Americans.

36. Upon information and belief, Defendant Doe, either directly or indirectly on behalf of Defendant Jabco, hired and fired Plaintiffs and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

37. Upon information and belief, Defendant Doe is Ecuadorian.

38. In January 2023, Plaintiffs—two of the few non-Ecuadorian environmental specialists—were terminated by Defendants without cause, while the majority Ecuadorian workforce remained employed.

39. At the time of their termination, Plaintiffs had received no disciplinary measures from Defendants for their work.

40. Upon information and belief, within days of Plaintiffs being terminated, they were replaced by Ecuadorian workers.

41. Plaintiffs would not have been terminated but for their race.

## COLLECTIVE ACTION ALLEGATIONS

42. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed as non-exempt manual workers any time since October 16, 2020 to the entry of judgment in this case (the "Collective Action Members").

43. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. Collective Action Members performed similar duties;

   c. Defendants willfully or recklessly violated the FLSA;

   d. Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder;

   e. Defendants should be enjoined from such violations of the FLSA in the future; and

   f. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as non-exempt manual workers at any time since October 16, 2017 to the entry of judgment in this case (the "Class Members").

45. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, approximately 40 Class Members exist.

46. Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

47. Defendants have acted or refused to act on grounds generally applicable to

the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

48. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

49. Plaintiffs have the same interest in this matter as all other Class Members and her claims are typical of Class Members'.

50. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

    a. Whether Defendants employed Plaintiffs and the Class Members within the meaning of the Labor Law;

    b. Whether Defendants failed or refused to pay Plaintiffs and the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

    c. Whether Defendants failed or refused to pay Plaintiffs and the Class Members on a weekly basis under Labor Law § 191.1

    d. Whether Defendants failed to provide Plaintiffs and the Class Members Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1;

    e. Whether Defendants failed to provide Plaintiffs and the Class Members wages statements under Labor Law § 195.3;

    f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

    g. Whether Defendants should be enjoined from such violations of the Labor Law in the future.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA
(On Behalf of Plaintiffs and the Collective Action Members)

51. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

52. Defendants were required to pay Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Collective Action Members the proper overtime compensation for his hours worked in excess of 40 hours per workweek.

54. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

55. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the Collective Action Members' compensation.

56. Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY THE OVERTIME UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

57. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

58. Defendants are employers under Labor Law §§ 190, 196-d, 651(5), 652 and

supporting New York State Department of Labor Regulations and employed Plaintiffs and the Class Members.

59. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

60. Defendants failed to pay Plaintiffs and the Class Members the overtime wages for all hours worked to which they were entitled, violating Labor Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

61. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members overtime wages.

62. Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest. N.Y. Lab. Law § 663.

THIRD CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(On Behalf of Plaintiffs and the Class Members)

63. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

64. Plaintiffs and the Class Members are "manual workers" within the meaning of Labor Law § 190(4).

65. As manual workers, Defendants were required to pay Plaintiffs and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

66. With Defendants paying Plaintiffs and the Class Members every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating Labor Law § 191(1)(a)(i).

67. For violating Labor Law § 191(1)(a)(i), Defendants are liable to Plaintiffs and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE AN ACCURATE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

68. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

69. Defendants willfully failed to supply Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within ten business days of their first employment date.

70. Due to Defendants' Labor Law § 195.1 violations, Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

71. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

72. Defendants have willfully failed to supply Plaintiffs and the Class Members

with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

73. Due to Defendants' violations of Labor Law § 195.3, Plaintiffs and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

SIXTH CAUSE OF ACTION
NATIONAL ORIGIN DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW
(On Behalf of Plaintiffs McIntosh and Corbin)

74. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

75. At all relevant times, Plaintiffs were each an "employee" and "person" under the NYSHRL.

76. At all relevant times, Defendants were "employers" under the NYSHRL.

77. Defendant Jabco is vicariously liable for an actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiffs.

78. Defendant Doe had the authority to affect the terms and conditions of Plaintiffs' employment.

79. Defendant Doe is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim. N.Y. Exec. Law §§ 296(1), 296(6).

80. By terminating Plaintiffs because of their national origin, Defendants violated the NYSHRL.

81. As a result, Plaintiffs have suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

### SEVENTH CAUSE OF ACTION
### NATIONAL ORIGIN DISCRIMINATION
### UNDER THE NEW YORK CITY HUMAN RIGHTS LAW
(On Behalf of Plaintiffs McIntosh and Corbin)

82. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

83. At all relevant times, Plaintiffs were each an "employee" and "person" under the NYCHRL.

84. At all relevant times, Defendants were "employers" under the NYCHRL.

85. Defendant Jabco is vicariously liable for an actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiff.

86. Defendant Doe is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim.

87. By terminating Plaintiffs because of their national origin, Defendants violated the NYCHRL.

88. As a result of Defendants' unlawful conduct, Plaintiffs can recover punitive damages against them. N.Y.C. Admin. Code § 8-502.

89. As a result, Plaintiffs have suffered and continue to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(a) and (b) and appointing Plaintiffs and their counsel to represent the Class Members;

b. Conditionally certifying a collective action under 29 U.S.C. § 216(b);

c. A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime under the Labor Law and FLSA;

f. An award of untimely paid wages under the Labor Law;

g. An award of liquidated damages under the Labor Law;

h. An award of statutory penalties under the Labor Law;

i. An award to Plaintiffs for back pay, front pay and all benefits along with pre and post judgment interest;

j. An award to Plaintiffs for punitive, liquidated and compensatory damages including damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, emotional distress in order to compensate them for the injuries they have suffered and to signal to other employers that discrimination is repulsive to legislative enactments;

k. An award of prejudgment and post-judgment interest;

    l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    m. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
    October 31, 2023

            LIPSKY LOWE LLP

            s/ Douglas B. Lipsky
            Douglas B. Lipsky
            Frank J. Tantone
            420 Lexington Avenue, Suite 1830
            New York, New York 10017-6705
            212.392.4772
            doug@lipskylowe.com
            frank@lipskylowe.com
            *Attorneys for Plaintiffs*